FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
11/30/2018 11:32 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Joseph Martinez

THIRD JUDICIAL DISTRICT COURT
COUNTY OF DOÑA ANA
STATE OF NEW MEXICO

EUSTOLIA ARAMBULA, ON BEHALF
OF HERSELF AND ALL OTHERS
SIMILARLY SITUATED,

      *Plaintiffs*,

v.                                                       NO. _____

                                                   D-307-CV-2018-02662

B&E KARING HANDS, INC.,                                    Beyer, Marci
A/K/A KARING HANDS, INC, AND
EMMA SANCHEZ, A/K/A IRMA SANCHEZ,

      *Defendants*,

## ORIGINAL COMPLAINT FOR DAMAGES FOR PAYMENT OF OVERTIME WITH SIX PERSON JURY DEMAND

    Plaintiff Eustolia Arambula, individually and on behalf of all others similarly situated, files this Original Complaint, and in support shows the Court the following:

### I.    SUMMARY

    1.    This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), New Mexico Minimum Wage Act (the "NMMWA"), and New Mexico common law.

    2.    Plaintiff was employed by Defendants as a caregiver. Her primary responsibilities included providing companionship services to Defendants' clients in their homes. Plaintiff helped clients around their home, took them to appointments, and provided general care pursuant to Defendants' policies. Plaintiff did not conduct any hands-on medical work or nursing duties.

    3.    Plaintiff routinely worked in excess of 40 hours per week. In violation of the FLSA and NMMWA, Defendants refused to pay her overtime for the hours she worked in excess of 40 per week. Defendants also failed to pay Plaintiff for all hours worked in violation of New Mexico common law.

*Plaintiffs' Original Complaint*


EXHIBIT
_____/_____

## II.    PARTIES

4.    Plaintiff Eustolia Arambula is and was at all time relevant to this action a resident of the State of New Mexico.  She has consented to be a party in this action and her consent form is attached hereto. *See* Exhibit A.

5.    Plaintiff and the Class Members are Defendants' current and former caregiver employees whose primary responsibilities included providing general companionship care to Defendants' clientele.

6.    Defendant B&E Karing Hands, Inc. ("B&E"), aka Karing Hands, Inc., is a New Mexico company that is authorized to do business in New Mexico and that is, in fact, doing business throughout New Mexico.  B&E may be served with process by service on its registered agent for service, Emma Sanchez at 7350 Hwy 28, Anthony, New Mexico 88021, or wherever she may be found.

7.    Defendant Emma Sanchez ("Sanchez"), aka Irma Sanchez, is a natural person residing in Dona Ana County and is the owner and operator of B&E.  She may be served with process at 7350 Hwy 28, Anthony, New Mexico 88021; 869 Anthony Drive, Anthony, New Mexico 88021; or wherever she may be found.

### III.    JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction in this matter under Article VI, Section 13 of the New Mexico Constitution, NMSA §§ 10-16C-4(A), 28-1-1 to 28-1-7, 28-1-9 to 28-1-14 and 29 U.S.C. § 201, *et seq.*

9.    Venue is proper under NMSA § 38-3-1 in the County of Dona Ana because all or a substantial part of the events forming the basis of the causes of action herein occurred in this County.

IV.    **FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

10.    Defendants, through their B&E companionship services enterprise, have enjoyed revenues in excess of $500,000.00 each year relevant to this action.

11.    Sanchez – individually and as an agent of B&E – is directly responsible for all aspects of Plaintiff and Class Members' employment.  She controlled when Plaintiff and Class Members would receive pay, set their pay rates, set Plaintiff and Class Members' schedules, approved their payroll prior to payment and decided when they would be able to take leave.

12.    Sanchez also created B&E's pay policies and was in control of hiring or firing of all caregivers.   Sanchez maintained B&E's pay records during the relevant periods of employment and participated in the decision not to pay her employees overtime wages and wages for all hours worked.

13.    Plaintiff worked for Defendants from 2008 to the present.

14.    Plaintiff and Class Members worked as caregivers for Defendants within the last three years.

15.    In their capacity as caregivers, Plaintiff and Class Members' primary duties included providing companionship services to Defendants' clients in their homes.  Plaintiff and Class Members help clients around their home and provide general care according to Defendants' policies.  Plaintiff and Class Members provide no hands-on medical work or nursing duties.

16.    Plaintiff and Class Members' job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

17.    Defendants pay Plaintiff and Class Members by the hour for their work.  Plaintiff and Class Members measure their time by clocking in with their employee number when they arrive at a client's home using the client's telephone.  They clock out when they leave.  The time

measured through this telephonic system should represent the actual time worked by each Plaintiff and Class Member. This time worked – as recorded in the clock-in/out system – is also the time reported by Defendants to state agencies and insurance companies.

18.     However, upon information and belief, Defendants routinely paid Plaintiff for fewer hours per week than the hours that she actually worked, as documented by Defendants.

19.     Defendants retained the benefit of Plaintiff's labor without paying Plaintiff for her labor.

20.     Finally, Plaintiff and Class Members routinely worked over 40 hours per week. However, they were not properly paid overtime for all hours they worked in excess of 40 hours every week in which they worked. Defendants knew that Plaintiff and Class Members worked in excess of 40 hours per week and allowed and directed them to do so. Defendants refused to pay Plaintiff and Class Members one and a half times the agreed-upon hourly rate for all hours worked over 40 hours per week.

21.     Plaintiff and Class Members are entitled to receive overtime pay for all the hours worked in excess of 40 per workweek. Defendants were aware of the FLSA's overtime requirements and chose not to pay overtime to these individuals. Defendants willfully misclassified Plaintiff and the Class Members as exempt and refused to pay them overtime wages.

22.     Defendants willfully failed to pay overtime compensation to Plaintiff and Class Members.

## V.      COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff and Class Members perform the same or similar job duties as one another as described in the preceding paragraphs in that Class Members are employees whose primary duties included providing companionship services to Defendants' consumers in their home.

Plaintiff and Class Members help consumers around their home, take them to appointments, and provide general care according to Defendants' policies. Further, Plaintiff and Class Members are all paid on an hourly basis. Finally, Plaintiff and Class Members are subjected to the same illegal pay plan in that Defendants fail to pay them at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Accordingly, the Class Members victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Pursuant to 29 U.S.C. § 216(b), Plaintiffs will seek collective action recognition and notice to the Class Members who may wish to join this action as soon as practicable after the commencement of this action and in accord with the Local Rules of this Court.

25. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action class as encompassing:

All caregivers who worked on or after November 30, 2015.

26. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations of the Act. 29 U.S.C. § 255(a).

## VI.   FIRST CAUSE OF ACTION:
## FAILURE TO PAY WAGES IN ACCORDANCE WITH
## THE FAIR LABOR STANDARDS ACT

27. The facts alleged above are fully incorporated herein.

28. Defendants repeatedly violated § 50-4-22 of the NMMWA by failing to pay Plaintiff and Class Members for the hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular hourly rate of pay.

29.     Plaintiff and Class Members have suffered damages as a result of Defendants' violations of the NMMWA.  Therefore, Plaintiff and Class Members are entitled to recover their unpaid wages, liquidated damages equal to twice the unpaid wages, and reasonable attorney's fees and costs of this action.

## VII.    SECOND CAUSE OF ACTION:
### FAILURE TO PAY WAGES IN ACCORDANCE WITH
### THE FAIR LABOR STANDARDS ACT

30.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

31.     Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

32.     Plaintiff and others similarly situated were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

33.     Defendants "employed" the Plaintiff and others similarly situated as that term is defined by the FLSA.  29 U.S.C. § 203(g).

34.     Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

35.     Defendants violated the FLSA when they refused to pay Plaintiff and others similarly situated overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

36.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

37.     Plaintiff and others similarly situated have suffered lost wages and lost use of those wages in an amount to be determined at trial.

38.     Plaintiff and others similarly situated are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

## VIII.   UNJUST ENRICHMENT

39.     Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

40.     By failing to pay Plaintiff for all hours worked, Defendant was unjustly enriched at the expense of and to the detriment of Plaintiff.

41.     Defendant's retention of any benefit collected directly and indirectly from Plaintiff's labor violated principles of justice, equity, and good conscience. As a result, Defendant has been unjustly enriched.

42.     Plaintiff is entitled to recover from Defendant all amounts that Defendant has wrongfully and improperly obtained, and Defendant should be required to disgorge to Plaintiff the benefits it has unjustly obtained.

43.     Plaintiff is entitled to recover actual and exemplary damages.

## IX.    RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays, as to her FIRST TWO CLAIMS, that:

a.     This case be certified to proceed as a collective action under the NMMWA and FLSA and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

b.     She and the Class be awarded unpaid overtime premiums;

c.     She and the Class be awarded liquidated damages as required by law;

d.     She and the Class be awarded pre-judgment and post-judgment interest as permitted by law;

e.     She and the Class be awarded costs and attorney fees; and

f.     She and the Class be awarded such other and further relief as may be necessary and appropriate.

And as to her THIRD CLAIM, that:

a.     Plaintiff be awarded compensatory and exemplary damages.

b.      Plaintiff be awarded such other and further relief as may be necessary and
appropriate.

Signed: November 30, 2018                   Respectfully submitted,

THE LAW OFFICE OF LYNN COYLE, P.L.L.C.
2515 North Stanton
El Paso, Texas 79902
(915)532-5544
(915)532-5566 Fax


_/s/ Christopher Benoit_____
CHRISTOPHER BENOIT
NM Bar No. 150497
chris@coylefirm.com

# EXHIBIT

# A

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the overtime lawsuit in which this consent is filed pursuant to the New Mexico Minimum Wage Act and the Fair Labor Standards Act. I authorize THE LAW OFFICE OF LYNN COYLE, PLLC to represent and proceed on my behalf and others similarly situated with regards to our claims.

_____          11-26-2018
**EUSTOLIA ARAMBULA**                      **DATE**

THIRD JUDICIAL DISTRICT COURT
COUNTY OF DOÑA ANA
STATE OF NEW MEXICO

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
11/30/2018 11:32 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Joseph Martinez

EUSTOLIA ARAMBULA, ON BEHALF
OF HERSELF AND ALL OTHERS
SIMILARLY SITUATED,

     *Plaintiffs*,

v.

B&E KARING HANDS, INC.,
A/K/A KARING HANDS, INC, AND
EMMA SANCHEZ, A/K/A IRMA SANCHEZ,

     *Defendants*,

NO. <u>D-307-CV-2018-02662</u>

Beyer, Marci

## **PLAINTIFFS' SIX PERSON JURY DEMAND**

Plaintiffs demand a six person jury trial.

Respectfully submitted,

THE LAW OFFICE OF LYNN COYLE, P.L.L.C.
2515 North Stanton
El Paso, Texas 79902
(915)532-5544
(915)532-5566 Fax


    /s/ *Christopher Benoit*
CHRISTOPHER BENOIT
NM Bar No. 150497
chris@coylefirm.com

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
12/3/2018 9:36 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Joseph Martinez

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

EUSTOLIA ARAMBULA,
        Plaintiff,

                                        D-307-CV-2018-02662
                                        JUDGE: MARCI BEYER

B&E KARING HANDS, INC.,
a/k/a KARING HANDS, INC., et. al.
        Defendant.

ORDER REQUIRING SCHEDULING REPORTS,
A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE,
AND LIMITING STIPULATIONS TO ENLARGE TIME
FOR RESPONSIVE PLEADINGS

IT IS SO ORDERED:

A.    Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.    Within sixty (60) calendar days after the initial pleading is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C, or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA. *See* copies of forms attached hereto.

C.    Any party who enters an appearance in the case more than sixty (60) calendar days after the filing of the initial pleading shall file a scheduling report within ten (10) business days and deliver a copy to the assigned judge.

D.    If all parties are not of record within sixty (60) calendar days of the filing of the initial pleading, the party making claims against the absent parties *(Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.)* shall, within five (5) business days after the sixtieth (60th) day, file and serve parties of record and deliver to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Matter at Issue."

E.    Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) calendar days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason(s) an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F.    When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.    If appropriate, the court will refer this matter to settlement facilitation under Part VI of the Local Rules of the Third Judicial District Court.

H.    Within seventy-five (75) calendar days from the date the initial pleading is filed, or fifteen (15) calendar days after the case is at issue if LR3-Form 2.14 NMRA has been filed, the parties shall either:

   (1)    stipulate to a discovery plan and file the stipulation with the court, or

   (2)    request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-026 NMRA.

   (3)    In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:

   Within one hundred (100) calendar days after the initial pleading was filed or fifteen (15) calendar days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

      a.    The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the

pleadings, identifying the subjects of the information;

b.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

c.    A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

d.    For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

e.    If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NIMRA shall apply.

I.    Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph H of this Order.

J.    Intent to Call Expert Witness - Disclosure.    No later than sixty (60) calendar days after filing their respective pleading or responsive pleading, all parties shall exchange a "Notice of Intent to Call Expert Witness(es)". The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which

an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify. With respect to each expert listed, all parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the attachment to the Rule 16(B) Scheduling Order.

DISTRICT COURT JUDGE

------------------------------------------------------------

David S Borunda
Clerk of the District Court

Deputy- Gloria S. Lerma

LR3-Form 2.12

Supreme Court Approved
August 6, 2004

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

Plaintiff

vs.

NO.: D-307-CV
Judge:

Defendant

JOINT SCHEDULING REPORT STIPULATING TO TRACK A

Come now all the parties to this case, (by their counsel of record) and stipulate as

follows:

1   The court has subject matter and personal jurisdiction, and venue is proper.

2   This case is appropriate for assignment to Track A

3   The parties do not intend to amend the pleadings or file dispositive motions

4   All parties will be ready for trial *by* _____ *(no more than six (6) months from*

    *filing of complaint)*

5   Witness lists will be exchanged and filed forty-five (45) days before trial

6   Discovery limited to interrogatories, requests for production and admission and no more

    than two (2) depositions per party.

7   All parties and counsel will either (a) select a facilitator by agreement of the parties, or

    (b) request the court's ADR coordinator to select a facilitator and will engage in a

    settlement conference within ninety (90) days from the date of the filing of the complaint.

    The parties may move for enlargement of time for the settlement conference for good

    cause shown The parties shall share the facilitator's fee, if any, equally.

8.  Exhibits: exchanged at least fifteen (15) days before trial.

   This (jury _____ 6 _____ 12 nonjury _____ ) matter will take _____ hours to try.

9.  Conflicting court hearings (or other conflicts which show good cause for not setting trial)

   for two (2) months following the date the matter is ready for trial:

   _____

   _____

10. Other: _____




SUBMITTED BY:

Name of party: _____
Attorney: _____
Address: _____
         _____
Telephone Number _____


Name of party: _____
Attorney: _____
Address: _____
         _____
Telephone Number _____

CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the _____ day of _____ , 20_____

_____
Signature

LR3-Form 2.13. ( _____ 's) (joint) scheduling report.

STATE OF NEW MEXICO
COUNTY OF DOÑA ANA
THIRD JUDICIAL DISTRICT COURT

                                  , Plaintiff

vs.

                                        NO.: D-307-CV
                                        Judge:
                            , Defendant

( _____'S) (JOINT) SCHEDULING REPORT

1. This case should be assigned to Track _____.
2. Jurisdiction and Venue: _____Stipulated; _____Disputed;
   Why:_____
3. _____Non Jury; _____6-person jury; _____12-person jury.
4. Significant legal issues, if any: _____
_____
5. Trial witnesses presently known (defendant's, plaintiff's, etc.): _____
State expert type: _____
6. Settlement:
   _____ [I] [We] have sufficient information to evaluate the case.
   _____ [I] [We] have provided sufficient information for opposing parties to evaluate
   the case.
   _____ [I][We] need the following information from_____to evaluate the
   case: _____
   _____
   _____ [I] [We] need the following discovery to obtain information sufficient to
   evaluate the case:
   _____ Explain why such information
   cannot be obtained informally without formal discovery:_____
   _____
   _____ [I] [We] have scheduled a settlement conference on _____, 20_____
   with_____ *(facilitator)* or have requested the court's ADR
   coordinator to refer to facilitation.
                                           Or
   _____ [I] [We] request that this not be referred to facilitation because:
   _____
The possibility of settlement is _____ good, _____ fair, _____poor.

7. Discovery:

    [I] [We] estimate it will take _____ months to complete discovery. *(Attach discovery plan if stipulated, or request for setting a discovery conference if wanted.)* If any party requests a discovery conference, answer the following:

    The party submitting this scheduling report intends to do the following discovery:

    _____

    *(If this is a joint scheduling report, each party shall answer this question.)*

    [Plaintiff] [Defendant] intends to do the following discovery:

    _____

8.  [I] [We] estimate that trial will take ___ court days to try-

9.  Dates counsel will not be available for trial due to the following conflicting court settings *(beginning with the date immediately following the time you estimate discovery will be completed).* _____

10. Stipulations: _____

11. Other:

    _____


SUBMITTED BY:

Name of party:              _____

Attorney:                  _____

Address:                   _____

                        _____

Telephone Number         _____


Name of party:              _____

Attorney:                  _____

Address:                   _____

                        _____

Telephone Number         _____


CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the _____ day of _____ , 20 _____

                          _____

                          Signature

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
12/18/2018 11:00 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Melerie Talamantes

### SUMMONS

| | |
|---|---|
| District Court: THIRD<br>Doña Ana County, New Mexico<br>Court Address: 201 W Picacho Ave, Las Cruces, NM 88005<br>Court Telephone Number: (575) 523-8200 | Case Number: D-307-CV-2018-02662<br><br>Judge: Marci Beyer |
| Plaintiff(s): EUSTOLIA ARAMBULA, On Behalf of Herself and All Others Similarly Situated,<br>v.<br>Defendant(s): B&E KARING HANDS, INC., a/k/a KARING HANDS, and EMMA SANCHEZ a/k/a/ IRMA SANCHEZ, | Defendant<br>Name: B&E KARING HANDS, INC. a/k/a KARING HANDS, INC.<br>Address: c/o Registered Agent, Emma Sanchez a/k/a Irma Sanchez, 7350 Hwy 28, Anthony, New Mexico 88021; 869 Anthony Drive, New Mexico 88021 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.   A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.   You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.   You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.   If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.   You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.   If you need an interpreter, you must ask for one in writing.

7.   You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at   Las Cruces   , New Mexico, this 5th  day of December, 2018.

CLERK OF COURT

By: _____
Deputy Elizabeth Balizan

Attorney for Plaintiffs:  CHRISTOF
Address: 2515 N. Stanton St., El Pas
Telephone No.: 915-532-5544
Fax No.: 915-532-5566
Email Address: chris@covlefirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO     )
                             )
COUNTY OF *Dona Ana*    )

       I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in ___*Dona Ana*___ county on the __*11*__ day of __*December*__, __*2016*__, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[✓]    to the defendant *Ilma Sandez* _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*).

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_Jay Zaoleja_
Signature of person making service

BG944   Process Server
Title (if any)

Subscribed and sworn to before me this ___13th___ day of ___December___, 2018

_Gloria Lucero_
Judge, notary or other officer
authorized to administer oaths

_Notary Public_
Official title

[Notary seal: GLORIA LUCERO / NOTARY PUBLIC / STATE OF TEXAS / ID# 126946570 / EXPIRES 7-9-2021]

## USE NOTE

1.  Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.  If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
12/18/2018 11:00 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Melerie Talamantes

## SUMMONS

| | |
|---|---|
| District Court: THIRD<br>Doña Ana County, New Mexico<br>Court Address: 201 W Picacho Ave, Las Cruces, NM 88005<br>Court Telephone Number: (575) 523-8200 | Case Number: D-307-CV-2018-02662<br><br>Judge:  Marci Beyer |
| Plaintiff(s): EUSTOLIA ARAMBULA, On Behalf of Herself and All Others Similarly Situated,<br>v.<br>Defendant(s): B&E KARING HANDS, INC., a/k/a KARING HANDS, and EMMA SANCHEZ a/k/a/ IRMA SANCHEZ, | Defendant<br>Name: EMMA SANCHEZ a/k/a IRMA SANCHEZ<br>Address: 7350 Hwy 28, Anthony, New Mexico 88021; 869 Anthony Drive, New Mexico 88021 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.  A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.  You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.  You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.  You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.  If you need an interpreter, you must ask for one in writing.

7.  You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at  Las Cruces          , New Mexico, this 5th  day of December, 2018.

CLERK OF COURT

By: _____
Deputy  Elizabeth Balizan

Attorney for Plaintiffs:  CHRISTOPH
Address: 2515 N. Stanton St., El Paso,
Telephone No.: 915-532-5544
Fax No.: 915-532-5566
Email Address: chris@coylefirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

### RETURN[1]

STATE OF NEW MEXICO          )
                             )
COUNTY OF Doña Ann           )

    I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in ~~Anthony~~ Doña Ana _____ county on the _11_ day of _December_ , _2018_ , by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[✓]    to the defendant _Irma Sánchez_ _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint).*

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____(*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_Jon Birdado_
Signature of person making service

_BCC9994_
Title (*if any*)

Subscribed and sworn to before me this __13th__ day of __December__, __2018__

_Gloria Lucero_
Judge, notary or other officer
authorized to administer oaths

_Notary Public_
Official title

[Notary seal: GLORIA LUCERO NOTARY PUBLIC STATE OF TEXAS ID# 12839557D EXPIRES 7-9-2021]

## USE NOTE

1.  Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.  If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007;  by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]