IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUSTOLIA ARAMBULA, on behalf of herself
and all others similarly situated,

    Plaintiff

v.

B&E KARING HANDS, INC., aka KARING
HANDS, INC., and IRMA SANCHEZ,

    Defendants.

Civil Action No. 2:19-cv-00020-WJ-SMV

**JOINT MOTION TO APPROVE SETTLEMENT**

Plaintiff Eustolia Arambula ("Plaintiff"), and Defendant B&E Karing Hands, Inc., aka Karing Hands, Inc., and Irma Sanchez (collectively, "Defendants"), by and through their attorneys, and pursuant to 29 U.S.C. § 216, file this Joint Motion to Approve Settlement, and in support thereof state as follows:

### I.    INTRODUCTION

Plaintiff and Defendants have negotiated a fair and reasonable settlement of Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"). The Parties now ask this Court to review and approve that settlement.

### II.    STATEMENT OF FACTS

This case concerns Defendants' alleged violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA").

Plaintiff initiated this action on November 30, 2018 by filing a complaint against Defendants alleging that Defendants violated the FLSA and the NMMWA by failing to pay premium overtime compensation to Plainitff. [Doc. 1].

Defendants removed this case on January 10, 2019 and denied all allegations and liability alleged in the complaint when they filed their answer on January 17, 2019. [Doc. 4].

On February 11, 2019, after conferring with Defendants' counsel, Plaintiff filed a motion for conditional certification for the purpose of sending notices to putative collective action members [Doc. 10]. Defendants contested conditional certification in a response on March 4, 2019 [Doc. 16].

During this same period of time, Defendants sent Plaintiff three settlement offers pursuant to Fed. R. Civ. P. 68. [Docs. 12, 18, and 22]. Plaintiff did not accept the first two offers. In late March, Defendants provided Plaintiff with her complete timekeeping and pay records. On March 18, after the ability to review extensive time records, Plaintiff accepted the final Rule 68 offer. [Doc. 23].

Throughout the litigation and resolution process, all Parties were represented by competent counsel. The settlement amount of $6,000 for Plaintiff plus an additional amount of fees and costs as determined by the Court. *See* Exhibit A, Accepted Rule 68 Offer. The parties have agreed to a settlement amount and, in exchange for Defendants paying such amount, Plaintiff agree to release Defendants from liability relating to the claims asserted in this case. The parties have also agreed to the amount of fees and costs set forth by Plaintiff's counsel in the reasonable prosecution of this case.

The Parties submit that the proposed settlement is a fair resolution of a *bona fide* dispute and a reasonable compromise of the disputed claims asserted in this matter.

### III.   ARGUMENT

**A.   The Standard of Review for Approving FLSA Settlements**

Generally settlements under the FLSA must either be approved by the Department of Labor or the Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982);

*Robles v. Brake Masters Sys., Inc.,* No. CIV 10-0135 JB/WPL, 2011 WL 9717448, at *18 (D.N.M. Jan. 31, 2011) (Browning, J.). In determining whether to approve a settlement, a Court must consider whether it is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions. *Id.* Further, settlement may be approved by the Court to promote the policy of encouraging settlement when the settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lynn's Food Stores*, 679 F.2d at 1354.

**B.**     **The Proposed Settlement Represents a Reasonable Compromise of Disputed Claims**

The Parties' settlement is fair and reasonable. In salient part, the Parties, all represented by experienced counsel, have agreed to a settlement of the wages and liquidated damages Plaintiffs claim they are owed. First, this case was hotly disputed by the Parties on almost every issue. Among other things, there are *bona fide* disputes regarding: (i) whether Plaintiffs were properly classified as exempt under the FLSA; (ii) whether hours on paychecks were correct reflections of hours in the time records; (iii) the amount of hours Plaintiff actually worked; (iv) the applicable statute of limitations regarding the claims asserted in this case; and (v) the method for calculating any alleged overtime. Additionally, there is a *bona fide* dispute as to whether or not Plaintiff could maintain the collective action through trial.

Second, this settlement is a fair and equitable for Plaintiff. Plaintiff alleges that since November of 2015, Defendants owed her close to $2,000 in unpaid overtime because Defendants failed to: (1) pay her for all hours worked on certain weeks; and (2) for weeks in which she was paid for overtime, she was not paid 1.5 her regular rate of pay for those weeks. Therefore, a settlement of $6,000 takes into account Plaintiff's alleged unpaid wages and liquidated damages and is a very reasonable result that should compensate her for the losses alleged.

Further litigation of Plaintiff's claims would have required significant additional resources. Moreover, because Defendants have denied all liability and asserted numerous defenses including defenses that could have meant no recovery for Plaintiff if successful, proceeding with litigation would not have guaranteed a more favorable result for any of the Parties. Indeed, the result would have been contested, absent this settlement, and, therefore, the Parties obtain certainty of resolution.

This settlement also promotes judicial economy and the public good by encouraging reasonable settlements without the need for costly and protracted litigation, including a possible trial, to which the Court would be compelled to devote substantial time.

**C.    Plaintiffs' Counsel's Negotiated Fees and Costs Should Be Approved**

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Because fees are sought separately from Plaintiff's recovery, the Court should analyze any fee award pursuant to a statutory fee analysis – not under the common fund doctrine. *Brown v. Phillips Petroleum Company,* 838 F.2d 451, 453 (10th Cir. 1988). Therefore, the Court must rely on a reasonable lodestar analysis looking at the number of reasonable hours spent working on the litigation "multiplied by a reasonable hourly rate." *Id.*

Here, the Court should award Plaintiff an award of $9,570 in attorney's fees and $416.38 in costs. Defendants do not oppose an award of this amount. Plaintiff counsel's attorneys' fees are reasonable given the complex legal theories presented in the case and the amount of resources expended to investigate, research, and analyze Plaintiffs' claims. Plaintiff provides an invoice for both attorney's fees and costs as Exhibit B. Specifically, Plaintiffs' counsel spent a significant amount of time obtaining conditional certification, repeatedly speaking with Plaintiff regarding

the import of Rule 68 offers, and identifying claims.  The efforts to seek conditional certification resulted in additional efforts by Defendants to settle the matter – which inevitably benefited Plaintiff.  Additionally, Plaintiff's counsel engaged in extensive damage analyses that required numerous spreadsheet charts and reviewed documents related to the claims and defenses in this case.  This was made particularly complicated because of certain discrepancies in the time records.

Next, Plaintiff's counsel's hourly rate is also reasonable.  Plaintiff's counsel has extensive experience representing low-wage workers in collective wage actions and bills at a rate of $275 per hour.  The FLSA is somewhat of a "niche practice in this District" – underscoring the novelty and unique skills necessary to perform legal services properly in an FLSA case.  *Rodarte v. Bd. Of Cty. Comm'rs of Bernalillo Cty.,* No. 14-CV-193 JAP/SCY, 2015 WL 5090531, at *10 (D.N.M. Aug. 28, 2015).  Counsel's hourly rate of $275 per hour was recently approved by a Court in this District.  *Vincent Lovato et al v. Alvarado Concepts, LLC,* No. CV 18-00080 JB/KBM Doc. 41 (D.N.M. Oct. 5, 2018) (Browning, J.).  Plaintiff's counsel also exercised significant billing discretion to reduce the fee amount at this early stage of litigation and omitted any billing information for his legal assistant. Ex. B.  Though fees originally equaled 37 hours (not including legal assistant time), after billing discretion, the billable hours were reduced to 34.

Next, the results obtained weigh in favor of Plaintiff's reasonable fee.  As stated above, Plaintiff obtained all damages that she may have received in trial.

Finally, it should be noted that attorney's fees are an integral part of the merits of FLSA cases.  "Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe v. Hoffman-Curtis Partners*, 215 Fed. App'x 341, 342 (5th Cir. 2007). If an attorney's fees award is "strictly proportionate to the amount of wages at issue, individuals with small claims would effectively be

denied access to counsel." *Albu v. Delta Mech. Inc.,* No. 13-CV-03087-PAB-KMT, 2015 WL 4483992, at *5 (D. Colo. June 30, 2015), report and recommendation adopted, No. 13-CV-03087-PAB-KMT, 2015 WL 4467434 (D. Colo. July 22, 2015) (citing *Heder v. City of Two Rivers,* 255 F.Supp.2d 947, 955 (E.D. Wisc. 2003)).[1]

Other courts in this District have ruled similarly under similar fee-shifting provisions. For example, the court in *Fallen v. GREP Sw., LLC* reviewed statutory fees in which the plaintiffs' counsel recovered $2,000 for their client under the New Mexico Unfair Practices Act ("UPA") and the Uniform Owner-Resident Relations Act ("UORRA"). 247 F.Supp.3d 1165, 1203 (D.N.M. 2017) (Browning, J.). Both the UPA and UORRA have statutory fee-shifting provisions pursuant to which plaintiffs sought $34,854.56 in lodestar fees. *Id.* The court found that there is "a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in [rare circumstances]…" (citing *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 554 (2010)). The court rejected the defendants' effort to reduce the lodestar fee amount because it was larger than the relatively modest recovery for the plaintiffs finding that the lodestar amount "provides adequate fees to attorneys who undertake litigation that is socially beneficial." *Id.* (citing *Atherton v. Gopin,* 2012-NMCA-023, ¶ 6, 272 P.3d 700, 701) (internal cittaions omitted).

In sum, Plaintiff's fee and cost award is reasonable under the FLSA's fee-shifting provision. Furthermore, Plaintiff's fee and cost estimate is unopposed. Plaintiff provided her estimated attorneys' fees and costs to counsel for Defendants on April 1, 2019. Defendants stated

---

[1] *See also Riverside v. Rivera,* 477 U.S. 561 (1986) ($33,350 in damages and $245,456 in fees); *Black v. SettlePou, P.C.,* 732 F.3d 492, 495 (5th Cir. 2013) (where single plaintiff was awarded less than $8,000 in damages and attorney's fees were $232,400.81, "it would be an abuse of discretion for the district court to reduce Black's attorney's fee award solely on the basis of the amount of damages obtained.").

that they were unopposed to this fee amount. For these reasons, Plaintiff's fees and costs are more than reasonable and should be approved.

## IV.    CONCLUSION

For all of the reasons set forth above, the Parties respectfully request that this Court approve the proposed settlement of this case, as attached hereto as Exhibit A, along with an award for attorney's fees in the amount of $9,570 and costs in the amount of $416.38, and dismiss the case in its entirety.


Respectfully Submitted,


/s/ Christopher Benoit  
CHRISTOPHER BENOIT  
New Mexico Bar No. 150497  

The Law Office of Lynn Coyle, PLLC  
2515 North Stanton Street  
El Paso, Texas 79902  
(915) 532-5544  
(915) 532-5566 Fax  
chris@coylefirm.com  

*Attorney for Plaintiff*

/s/ _____  
RAUL CARRILLO  
New Mexico Bar No. 5600  
STEVEN E. JONES  
New Mexico Bar No. 121548  

CARRILLO LAW FIRM, P.C.  
Post Office Box 457  
Las Cruces, New Mexico 88004  
(575) 647-3200  
(575) 647-1463 Fax  
raul@carrillolaw.org  
sjones@carrillolaw.org  

*Attorneys for Defendants*